## BOBST etc v BOARD OF EDUCATION

Ohio Appeals, 4th Dist, Scioto Co
No 249. Decided March 12, 1930

William J. Meyer, Portsmouth, for Bobst.
A. Z. Blair, Portsmouth, for Board.

### BY THE COURT

While there are several grounds urged in support of the demand for an injunction we find but one of any merit, and that is the claim that the advertisement for bids for the contracts was made by the defendant board in but one newspaper of general circulation in said district. In answer to this claim it is contended that there was no other newspaper of general circulation in said district and that therefore the provisions of 7623 GC., requiring publication in two newspapers of general circulation if so many there were in said district, was and is not controlling. The provisions of said section are mandatory. **Perkins v. Bright, 109 OS. 14.** It follows that if there were two or more newspapers of general circulation in the school district when the advertisement for bids was made it was necessary to make that advertisement in two newspapers.

The evidence shows that the Wheelersburg Rural School District has a population of three thousand, that the County of Scioto in 1920 approximately sixty three htousand and that that population is now much greater. It shows further that the Portsmouth Morning Sun has a daily circulation, except on ·Sunday, of ninety six papers in said district, thirty seven hundred in Scioto County, and further circulates generally in surrounding counties. The evidence shows that the single paper chosen for the advertisement was the Portsmouth Times. It is certainly apparent that under such admitted facts there is not room for much controversy. This is particularly true in view of the holding in the case of **State ex rel v. Commissioners of Wood County, 14 C. C. (n.s.) 531,** affirmed without opinion **84 OS. 447.** It is held in that case that

"A newspaper having a circulation of eight hundred in a county containing a population of fifty thousand distributed over twenty townships, and in fifteen of those townships containing a population of thirty five thousand, a circulation of only thirty six, is a newspaper of general circulation within the meaning of the statute providing for the publication."

In the instant case, as before observed, the evidence shows a circulation of ninety six in a distirct with a population of three thousand, and a much greater circulation in the surrounding county and adjoining counties. We have no difficulty in determining that the Portsmouth Morning Sun at the time the advertisement was made was a newspaper of general circulation not only in the district in question but also in all the surrounding territory, and that that newspaper met fully the requirements of the statute in respect to being a newspaper of general circulation in the district.

The injunction as prayed for will be allowed and a decree may be entered the same as was made in the Court of Common Pleas.

Middleton, PJ., Mauck and Blosser, JJ., concur.