Matthias, J.
 

 The single question presented, is whether a board of education has authority to adopt and enforce a rule requiring the .retirement of its employees who are within the classified service upon attaining the age of sixty-five years'. The board of education claims such authority by virtue of Sections 4749 and 4750, General Code. The former section confers very broad general powers upon boards of education, while the latter section provides as follows: “The board of education shall make such rules and regulations as it deems necessary for its government and the government of its employees and the pupils of the schools. * * *”
 

 Boards of education are created by statute,' and their jurisdiction is conferred only by statutory provision. Just as any other administrative board or body, they have such powers only as are clearly and expressly granted.
 
 State, ex rel. Locher, Pros. Atty.,
 
 v.
 
 Menning,
 
 95 Ohio St., 97, 115 N. E., 571;
 
 State, ex rel. Clarke,
 
 v.
 
 Cook, And.,
 
 103 Ohio St., 465, 134 N. E., 655;
 
 Perkins et al., Bd. of Edn.,
 
 v.
 
 Bright,
 
 109 Ohio St., 14, 141 N. E., 689.
 

 Such boards cannot increase their powers or confer
 
 *249
 
 upon themselves additional jurisdiction under authority conferred to adopt rules and regulations for their government and the government of their employees.
 
 State, ex rel. Bd. of Edn. of Cincinnati,
 
 v.
 
 Griffith,
 
 74 Ohio St., 80, 77 N. E., 686;
 
 Davis et al., Civil Service Comm.,
 
 v.
 
 State, ex rel. Kennedy, Dir. of Public Service,
 
 127 Ohio St., 261, 187 N. E., 867.
 

 There is no statute authorizing boards of education, by resolution or otherwise, to fix and determine the tenure of office of their employees in the classified service or to alter or modify general statutory provisions affecting the age of involuntary retirement of such employees from service. Under the provisions of Section 7896-99, General Code, a section of the retirement act, an employee may retire at sixty years of age and receive the benefits therein provided, and is required thereby to retire at seventy years of age. The provisions of Section 486-17o, General Code, fix the tenure of such employees to be during good behavior and efficient service, and specify the grounds for and the procedure governing the removal of any such employee from his position. Although possibly contributing to cause inefficiency, age in itself, regardless of merit and efficiency, is not made a ground for removal. Section 7701, General Code, specifies no additional ground for such removal. It provides that ‘ ‘ each board may dismiss any appointee or teacher for inefficiency, neglect of duty, immorality, or improper conduct/.” The effect of the resolution in question is to specify a new and additional ground for removal of employees, the enforcement of which would result in the dismissal of employees' arbitrarily and in violation of the positive and mandatory requirements of Section 486-170', General Code.
 

 If an administrative board may arbitrarily fix and specify a certain age as a ground of disqualification, varying ages may be established by various boards throughout the state which, of course, would materially
 
 *250
 
 increase the demand upon the state employees’ retirement fund.
 

 This case does not present a situation of mere abuse of discretion upon the part of the board of education, and hence the cases cited which involve such question have no application here. Nor is it even claimed that any position is being abolished or that employees are being laid off for economic reasons subject to reinstatement pursuant to civil service requirements. The action of the board, therefore, finds no support in the decision of this court in the case of
 
 Curtis, Safety Dir.,
 
 v.
 
 State, ex rel. Morgan,
 
 108 Ohio St., 292, 140 N. E., 522. Obviously, the effect of the action in question, if permitted, would be to authorize the dismissal of employees who are in the classified service for reasons and upon grounds other than and in addition to those enumerated in the statute,, unrestricted by the requirements of procedure prescribed by statute.
 

 The board of education has no such authority. The decision of the Court of Appeals was correct and its judgment is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Hart, JJ., concur.