QUIGG ET AL., APPELLANTS, *v.* BOARD OF EDUCATION OF TOLEDO, APPELLEE.

(No. 3833—Decided December 8, 1941.)

*Messrs. Hackett & Lynch,* for appellants.
*Mr. W. G. Christensen,* for appellee.

OVERMYER, J.   Plaintiffs, twelve in number, brought this suit in Common Pleas Court seeking an injunction against the Board of Education of Toledo, Ohio, preventing it from enforcing a rule and regulation duly adopted by resolution of such board in June 1940, and duly promulgated by it, requiring a physical examination at stated periods of some 365 non-teaching employees of the board, exclusive of food handlers and cafeteria employees.   The contention is that the board was without authority to enact such a rule and is without authority to enforce it.

The suit was brought as a class suit, allegedly for the benefit of plaintiffs and all others affected by the

rule. All of them are under classified civil service regulations.

Issues were joined and upon hearing the court refused a permanent injunction, dissolved a temporary injunction theretofore allowed, and entered a decree for the board. From that order an appeal on questions of law and fact has been prosecuted to this court.

The only question presented in the case is the power and authority of the board to adopt and enforce the rule. There is no allegation in the petition that the rule promulgated is unreasonable, arbitrary or oppressive.

The part of the rule involved is as follows:

"All employees other than food handlers and cafeteria workers who have not submitted to a routine health examination as required by the board of education during the four-year period ending February 1, 1941, shall be required to have such health examination made by either:

"a. Medical physician of their own choice and at their own expense, * * * or

"b. One of the school physicians designated for such duty at no cost to the employee except when special tests are necessary.

"This routine health examination is designed to determine the physical fitness of the employee to perform his or her duties."

Then follows a description of the various forms to be used and filled out by the medical examiner and the procedure in special tests, if required, for which special tests the employee is to pay. Then continuing:

"Any employee who is not satisfied with the findings of the school physician on a regular examination may, if he chooses, present himself to any other school physician or to his private medical physician for reexamination and dispense with further examinations

unless the second physician concurs in the recommendations of the first examiner."

Section 4750, General Code, clothes boards of education with authority to "make such rules and regulations as it deems necessary for its government and the government of its employees and the pupils of the schools." Since the constitutional changes of 1912 and the civil service laws enacted pursuant thereto, boards of education are limited in selection of their non-teaching employees to lists certified by the civil service commission, and those on the lists are there only because of having passed the necessary physical and mental examinations to determine their fitness for the respective services.

However, even though a person was free from communicable or contagious diseases or physical disabilities when he took the civil service examination, it does not necessarily follow that months or years later, while in the course of his service, he is still so free. Many of these employees come into daily contact with the pupils, others perform highly technical service calling for the possession of unimpaired faculties, etc., and certainly a court will not substitute its judgment for that of the board of education which, by the above statute, is given broad powers in making "such rules and regulations as it deems necessary for * * * the government of its employees and the pupils of the schools."

Plaintiffs contend that the power and authority of the board of education on the matter of health and physical examination of its employees is to be limited to that given it by Sections 7692 and 7692-1, General Code, authorizing school physicians, duly appointed by a board of education, to make such examinations of teachers, janitors and school buildings as in the opinion of the board the protection of the health of the teachers and pupils may require. From the viewpoint

of public health and sanitation, and that of pupils in schools, and efficient management of schools, we do not think the power of a board of education on that subject is exhausted by a compliance with Sections 7692 and 7692-1, General Code. Nothing appears in said sections so indicating, and no court, to our knowledge, has so held. True, "boards of education are created by statute, and their jurisdiction is conferred only by statutory provision," and "they have such powers only as are clearly and expressly granted." *Verberg* v. *Bd. of Edn.*, 135 Ohio St., 246, 20 N. E. (2d), 368. But neither the above cited statutes, nor any statutes, rules or regulations under the civil service laws can be said to be violated, encroached upon or broadened by additional rules and regulations adopted by a board of education in its good judgment and discretion in the interests of the public health, the health of pupils and the proper and efficient management of the schools for which it is responsible.

We hold that the defendant board had authority under Section 4750, General Code, to adopt the rule and has power to enforce it; that Sections 7692 and 7692-1, General Code, are not exclusive to the extent of preventing a board of education from exercising authority such as here exercised; that the rule does not in fact jeopardize the employment of plaintiffs except as it might do so in the interests of public health, sanitation, the health of pupils and the efficient management of the schools, to which public interests the individual interest must always yield; and that under civil service laws the plaintiffs will find an adequate remedy at law under Section 486-17*a*, General Code, when their employment is threatened.

The decree is for the defendant board of education.

*Decree for appellee.*

LLOYD and CARPENTER, JJ., concur.