Bell, J.
 

 The ordinance here in question provides, compulsory retirement of members of the police and fire divisions at the age of 65 years. The sole question for determination is the validity of the ordinance..
 

 We are not concerned with any question of policy; whether this ordinance is wise or unwise is not for us-to say. If the respondent city possessed the power to enact this ordinance, it is valid.
 

 It is vigorously asserted, by relator that the respondent city was without power to legislate upon the subject of retirement, it being his claim that the* General Assembly had fixed his tenure of office and that the ordinance is in conflict with general law. By respondents it is asserted with equal vigor that the-city had the lawful right to pass the ordinance and that it is a valid enactment.
 

 Section 3, Article XVIII of the Constitution of Ohio-reads as follows:
 

 “Section 3. Municipalities shall have authority to-exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations,
 
 as are not in conflict with general laws.”
 
 (Italics ours.)
 

 Section 7 of the same article grants the power to-municipalities to frame and adopt a charter.
 

 A charter may be adopted by any municipality to-prescribe its form of government and such charter becomes the organic law of the municipality insofar as purely local matters are concerned; the state however remains supreme in all matters not purely local.
 
 Billings
 
 v.
 
 Cleveland Ry. Co.,
 
 92 Ohio St., 478, 111 N. E., 155;
 
 State, ex rel. Giovanello, v. Village of Lowellville,
 
 139 Ohio St., 219, 39 N. E. (2d), 527.
 

 
 *128
 
 A municipality, by tbe adoption of a charter, has no greater or different power than other municipalities. Whether respondent city was or was not a charter city is of no special importance in the consideration of this case.
 

 The next step in the solution of our problem is whether fire protection is a matter of purely local concern. This is no longer an open question in Ohio. Two pronouncements of this court will suffice to demonstrate the established law of this state upon that subject.
 

 In
 
 State, ex rel. Strain, Dir.,
 
 v.
 
 Houston, Chief,
 
 138 Ohio St., 203, 31 N. E. (2d), 219, this court held:
 

 “Fire protection is a matter of concern to the people of the state generally, * * V’
 

 In
 
 City of Cincinnati
 
 v.
 
 Gamble et al., Trustees,
 
 138 Ohio St., 220, 34 N. E. (2d), 226, paragraph four of the syllabus reads as follows:
 

 “In general, matters relating to police and fire protection are of state-wide concern and under the control of state sovereignty.”
 

 By virtue of the grant of power contained in Section 3, Article XVIII of the Constitution, although fire protection is of state-wide concern, the respondent city had the power to enact the ordinance here in question unless it be in conflict with general law.
 

 The legal.effect of this ordinance is to limit the tenure of office of members of the fire department, and to make retirement compulsory when any member has reached the age of sixty-five years.
 

 Section 10, Article XV of the Constitution provides:
 

 “Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision.”
 

 
 *129
 
 Pursuant to this provision the General Assembly passed a state civil service code (Sections 486-1 to 486-31, both inclusive, General Code).
 

 It is conceded that relator was in the classified service. and is entitled to the protection of the civil service code.
 

 That the General Assembly has the power to fix the tenure of office of officers and members of a municipal fire department in the classified service is not open to dispute.
 

 It is asserted by relator that the General Assembly has exercised that power and has fixed his tenure of office. This contention is denied by respondents who claim that the General Assembly has failed to fix the tenure of office of relator and therefore there can be no conflict between this ordinance and any general law.
 

 Section 486-17a of the civil service code reads in part as follows:
 

 ' “The
 
 tenure
 
 of every officer, employee or subordinate in the classified service of the state,.the counties, cities and city school districts thereof, holding a position under the provisions of this act,
 
 shall be clurmg good behavior and efficient service-,
 
 but any such officer, employee or subordinate may be removed for incompetency,
 
 inefficiency,
 
 dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office.” (Italics ours.)
 

 The word
 
 tenure
 
 and the word
 
 term
 
 are not synonymous although frequently so used. “Tenure” has a more extended meaning than “term”.
 

 Tenure is the right to hold office for an indefinite time. ■' .
 

 Term denotes a period of time within fixed limits.
 

 
 *130
 
 It must be presumed that the General Assembly used the word
 
 tenure
 
 in Section 486-17a, General Code, deliberately and not inadvertently. Such construction is required in view of the further language employed: “Shall be during good behavior and efficient service.” No one could seriously contend that “during good behavior and efficient service” does not denote an indefinite period of time.
 

 The General Assembly having fixed the tenure of office of all persons in the classified civil service of the state, counties, cities and city school districts, a member of the fire department in such service, therefore, is •protected in his tenure and can be removed from service only as provided by the statute.
 

 , The General Assembly having determined and specified the causes for removal, that action amounts to a prohibition of a removal for a different cause. Me-, chem on Public Offices and Officers, 285, Section 450, and cases cited.
 

 It is claimed that retirement is not removal.
 

 The statute having granted relator a specific tenure of office, any interference therewith by any municipal authority based upon an age limit or for any reason other than those specified in the statute is invalid.
 

 By whatever name it may be called,
 
 removal
 
 or
 
 retirement,
 
 an ordinance interfering with such tenure is inconsistent with the provisions of the statute and cannot be sustained.
 

 It was argued by respondents that to hold this ordinance invalid would work a hardship on property owners of the respondent city in that, because of the high average age of the members in the division*of fire, an increase in insurance rates will result. This argument might well be advanced, if such a situation should result, as a cogent reason for action by the General Assembly wherein is reposed the power to remedy any such situation.
 

 
 *131
 
 The contention that the work of a fire department, in the main, requires young and active men is not without merit. Fixing the qualifications of such members, however, involves questions of policy which are committed by law to the legislative and executive branches of government.
 

 Counsel for respondents have cited cases from California and New York as authorities in support of the validity of this ordinance. We have carefully read those cases and nowhere do we find any question of municipal power raised or decided.
 

 We cannot agree with the contention of respondents that no question of tenure is here involved.
 

 Tenure in office means the right to perform the duties and to receive the emoluments thereof.
 

 This ordinance attempts to take away relator’s right to perform the duties and receive the .emoluments of the office of deputy chief of the division of fire for no reason other than that he has reached the age of sixty-five years. This purpose, in our judgment, cannot be accomplished by municipal ordinance.
 

 We are of opinion that this ordinance is inconsistent with Section 468-17a, General Code, and therefore invalid.
 

 It follows that the demurrer should be overruled and a writ of mandamus should be and hereby is allowed.
 

 Writ allotved.
 

 Matthias, Hart and Zimmerman, JJ., concur.
 

 Weygandt, C. J., and Turner, J., dissent.
 

 Williams, J., not participating. ’