Per Curiam.

The question presented here for determination is whether a local board of education has the power to employ counsel and challenge in the courts the validity and propriety of a change in the boundaries of its district.
Boards of education have only such powers as are conferred by statute. Verberg v. Board of Education of City School District of Cleveland, 135 Ohio St., 246, 20 N. E. (2d), 368.
The controlling statute in this case, Section 3311.22, Revised Code (Recodification Act of 1953), conferred on county boards of education the authority to transfer territory and read in part as follows:
“A county board of education may * * * transfer a part or all of a school district of the county school district to an adjoining district or districts of the county school district. With *546 in ten days after the adoption of snch resolution the clerk of the county board of education shall file with the county auditor * * * a map showing the boundaries of the territory transferred. Such transfer shall not take effect if, within 30 days after the filing of such map, a majority of the qualified electors residing in the territory transferred * * # file with the county board of education a written remonstrance against such transfer.” Compare such section as amended effective January 1, 1958.
That section did not give to local boards any voice in a proposed transfer of territory or the right to remonstrate against the action of the county board. The right to remonstrate was conferred solely on the qualified electors of the territory affected.
The provisions of Chapter 3311 of the Revised Code, relative to the transfer of territory of school districts and the creation of new school districts by a county board of education, limit the right to protest the action of a county board exclusively to qualified electors, and give to local boards no voice in transfer proceedings and no right to protest the transfer of territory. Therefore, the plaintiff has no legal interest in the action of the county board here involved and is not entitled to maintain the instant action.
The judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias, Bell and Herbert, jJ., concur.