Taft, J.
Several years after the original adoption of the charter of Youngstown, that charter was amended by adoption by the voters of section 52 thereof which reads in part:
“All of the provisions of the General Code of the state of Ohio relating to municipal civil service are hereby adopted and made a part of this charter * #
When section 52 was adopted in 1935, the General Code represented the revision and consolidation of the general statutes of the state as then in effect. Section 13765, General Code. See also Section 1.01, Revised Code. By adopting and making the portion of the General Code relating to municipal civil service a part of the Youngstown charter, the people of Youngstown clearly expressed their intention to incorporate into and as a part of their charter all general, statutes of the state relating to municipal civil service. Hence, because of section 52 of the Youngstown charter, the general statutes of the state relating to municipal civil service, as existing at any particular time, represent' a part of the Youngstown charter at that time even though those statutes may be identified as parts of the Revised Code rather than of the General Code. See also Section 1.24, Revised Code.
Thus, by reason of section 52 of the Youngstown charter, those provisions of Section 143.27, Revised Code (formerly Section 486-17a, General Code) which read as follows are a part of the Youngstown charter:
‘ ‘ The tenure of every * * * employee in the classified service of the state and the * * * cities * * * thereof [in the instant case, of Youngstown] * * * shall be during good behavior and efficient service #
No ordinance in conflict with a charter provision can be effective.
*267 This raises the question whether the ordinance requiring retirement at 65 does conflict with those statutory provisions which have been made a part of the charter of Youngstown.
Unless we disregard our holdings in Verberg v. Board of Education (1939), 135 Ohio St., 246, 20 N. E. (2d), 368, and State, ex rel. Daly, v. City of Toledo (1943), 142 Ohio St., 123, 50 N. E. (2d), 338, we must conclude that they do so conflict.
In the Verberg case, as stated at the beginning of the opinion, “the single question” was “whether a board of education” had “authority to adopt and enforce a rule requiring the retirement of its employees * * * within the classified service” at 65. In support of the unanimous holding that it did not, it is stated in the opinion by Matthias, J.:
“Under the provisions of * * * the retirement act, an employee * * * is required * * * to retire at 70 * * *. Although possibly contributing to cause inefficiency, age in itself * # * is not made a ground for removal. * * * The effect of the resolution in question is to specify a new and additional ground for removal of employees, the enforcement of which would result in the dismissal of employees * * * in violation of the positive and mandatory requirements of Section 486-17a, General Code.”
State, ex rel. Daly, v. Toledo, supra (142 Ohio St., 123), and its syllabus were overruled in State, ex rel. Canada, v. Phillips, Dir. (1958), 168 Ohio St., 191, 151 N. E. (2d), 722. However, a reading of the latter case discloses that this court then disagreed with the Daly case merely because the Daly case had held and its syllabus stated that a state statute relating to city firemen could limit the power of a city to enact a city ordinance relating to such firemen. In the instant case, it is not claimed that a state statute as such can limit the power of Youngstown to enact the ordinance involved. Instead, we are asked to recognize that a charter provision making a state statute a part of the charter may result in the provisions of that statute, not as a statute but as a part of the charter, limiting the power of Youngstown to enact the ordinance. Undoubtedly, if the Toledo charter involved in the Daly case had' contained a provision such as the above-quoted section 52 from the Youngstown charter, this court would not have overruled the Daly case when it decided the Canada case.
*268 Our decision in Verberg v. Board of Education, supra (135 Ohio St., 246), and the part of our conclusions in State, ex rel. Daly, v. Toledo, supra (142 Ohio St., 123), which were not overruled in State, ex rel. Canada, v. Phillips, supra (168 Ohio St., 191), require the conclusion that an ordinance requiring retirement of classified civil service employees of a city at 65 years of age conflicts with provisions in a city charter to the effect that the tenure of every employee in the classified service of a city shall be during good behavior and efficient service.*
It follows that the judgment of the Court of Appeals must be reversed and the cause remanded to the Common Pleas Court for issuance of the injunction prayed for.

Judgment reversed.

Zimmerman, Matthias, Doyle and O’Neill, JJ., concur.
Weygandt, C. J., dissents.
Doyle, J., of the Ninth Appellate District, sitting by designation in the place and stead of Herbert, J.

 Apparently there is no other charter provision or statute, comparable to Section 145.32, Revised Code (providing for compulsory retirement of members of the State Employees Retirement System), that might be construed as authorizing enactment of such an ordinance. See Section 145.02, Revised Code, in effect making the provisions of Section 145.32 inapplicable to municipal police officers.