CHOURA ET AL. *v.* CITY OF CLEVELAND ET AL.

(No. 939,667—Decided March 18, 1975.)

Court of Common Pleas of Cuyahoga County.

*Messrs. Tricarichi, Carnes & Kube, Mr. James S. Carnes, Mr. Michael R. Kube* and *Mr. Thomas J. Friel*, for plaintiffs.

*Mr. James B. Davis*, director of law, *Mr. James M. Mackey* and *Mr. Richard L. Mills*, for defendants.

### FACTS

PRYATEL, J. The defendant, James T. Carney, is the Director of Safety for the city of Cleveland, defendant Gerald J. Rademaker is the Chief of the Police of the city of Cleveland, and the defendant, city of Cleveland, is also separately named defendant. The city of Cleveland is a charter city of the state of Ohio. The plaintiffs, Laurence Choura, as an inspector, and David Kerr, as a captain, are members of the Cleveland Police Division and Irwin V. Ballasch, as a battalion chief, and Thomas White, as a lieutenant, are members of the Cleveland Fire Division. Each is in the classified civil service, and each has attained the age of 65 years or more, and each is in good health.

It is agreed that if this ordinance be declared constitutional, the plaintiffs will be paid at applicable rates for benefits that have accrued up to March 1, 1975, such as overtime, holiday and vacation pay.

### LAW

Section 7, Article XVIII of the Constitution, provides:

"Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of Section 3 of this article, exercise thereunder all powers of local self-government."

Section 3 of Article XVIII provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The Cleveland City Council, on December 18, 1974, by emergency legislation, enacted ordinance No. 2350-74, which provides:

"Members of the police and fire divisions be honorably

retired * * * on and after March 1, 1975, if then sixty-five years of age or over, or at such later date as such members attain the age of sixty-five years, provided, however, anyone subject to retirement under these provisions, upon written request of the Chief of Police or Fire, shall continue on active duty on a year to year basis subject to approval of the Director of Safety and Council.''

It is claimed that the ordinance is in conflict with R. C. 124.34 (formerly R. C. 143.27), which provides, in pertinent substance, as follows:

''The tenure of every officer or employee in the classified service of * * * cities * * * holding a position under this chapter of the Revised Code, shall be during good behavior and efficient service and no such officer or employee shall be reduced in pay or position, suspended or removed * * *.''

In general, matters relating to police and fire protection are of state concern and under the control of state sovereignty. See *State, ex rel. Strain,* v. *Houston* (1941), 138 Ohio St. 203.

In supporting their contention that the ordinances relating to police and fire protection are of statewide concern and under the control of state sovereignty, and that such ordinances must not conflict with state law, plaintiffs point to *State, ex rel. Daly,* v. *Toledo* (1943), 142 Ohio St. 123. Judge Bell, speaking for a majority of the court, held that a municipal ordinance requiring retirement of a person in classified service at the age of 65 years is invalid and unenforceable since it is at variance with the law that holds that an employee of the classified service of a city shall be during good behavior and efficient service.

On page 128, Judge Bell said for the court:

''A municipality, by the adoption of a charter, has no greater or different power than other municipalities. Whether respondent city was or was not a charter city is of no special importance in the consideration of this case.''

Persuasive as that argument appears, it does not take into account the subsequent ruling in *State, ex rel. Canada,*

v. *Phillips* (1958), 168 Ohio St. 191. In that case, Chief Justice Taft, speaking for the majority, said, on page 201:

"We cannot reconcile * * * the syllabus or decision in *State, ex rel. Daly,* v. *City of Toledo, supra* * * * with the pronouncements of law and decisions being followed in rendering the decision in the instant case. *Hence, we believe they should be overruled.*" (Emphasis added.)

In addition, the court said in paragraph seven of the syllabus:

"Where a municipality establishes and operates a police department, it may do so as an exercise of the powers of local self-government conferred upon it by Sections 3 and 7 of Article XVIII of the Constitution; and, if it does, the mere interest or concern of the state, which may justify the state in providing similar police protection, will not justify the state's interference with such exercise by a municipality of its powers of local self-government."

There appears to be no question that an ordinance calling for retirement at age 65 is at variance with a state law wherein an employee's tenure is dependent on his good behavior and efficient service.

The question is—Even if the ordinance be at variance with state law, does that fact per se make it unconstituional? To determine that issue, we must first ascertain whether the ordinance in question is an exercise of the power of local self-government or an exercise of local police, sanitary and other similar regulations.

Paragraph five of the syllabus of *State, ex rel. Canada, supra*, states, as follows:

"The mere fact that the exercise of a power of local self-government may happen to relate to the police department does not make it a police regulation within the meaning of the words 'police regulations' found in Section 3 of Article XVIII of the Constitution."

In *Leavers* v. *Canton* (1964), 1 Ohio St. 2d 33, Chief Justice O'Neill quotes with approval the first paragraph of *State, ex rel. Canada, supra*, and then adds (at page 36):

"That syllabus and the reasoning stated to uphold it support the proposition that an ordinance enacted to make

provisions concerning tenure of the city firemen in the classified civil service and the provisions of their retirement is an exercise of the power of local self-government.''

In argument before the court, counsel for the police, in answer to the question of the court, stated that the provision concerning the tenure could be interpreted as an exercise of the power of local self-government. Counsel for the firemen conceded that it was an exercise of self-government. This court finds no difficulty in concluding that it is an exercise of the power of self-government and it so rules.

The next question that we reach may be stated as follows—Is the language in Section 3, Article XVIII, to-wit: ''as are not in conflict with general laws,'' limited only to ''local police, sanitary and other similar regulations,'' or does it reach back and also limit the language ''all powers of local self-government''? If it also modifies the language of the powers of self-government, then it makes no difference whether it is an exercise of the power of a police regulation or a power of self-government.

We find the answer in paragraph four of the syllabus, in *State, ex rel. Canada, supra,* which provides:

''The words, 'as are not in conflict with general laws' found in Section 3 of Article XVIII of the Constitution, modify the words 'local police, sanitary and other similar regulations' but *do not modify the words 'powers of local self-government.'* '' (Emphasis added.)

Thus, the right to exercise all powers of self-government is *not* circumscribed by the language ''as are not in conflict with general laws.''

Since the enactment of ordinance No. 2350-74 is an exercise of the powers of local self-government and not a police regulation, we rule that *State, ex rel. Canada,* v. *Phillips, supra,* is controlling, which holds that an ordinance passed by a charter city, which is not a police regulation, but which deals with local self-government, is valid and effective even though it is at variance with state law.

The plaintiffs also claim that the ordinance is a violation of the equal protection clause of both the Constitu-

tion of the United States and the Ohio Constitution.

We find nothing in the record to support that conclusion. Indeed, in *State, ex rel. Daly, supra,* Judge Bell held:

"* * * The ordinance here in question provides compulsory retirement of members of the police and fire divisions at the age of 65 years. The sole question for determination is the validity of the ordinance."

"We are not concerned with any question of policy; whether this ordinance is wise or unwise is not for us to say. If the * * * city possessed the power to enact this ordinance, it is *valid.*" (Emphasis added.)

This court holds that the city of Cleveland possessed the power to enact the ordinance.

The Supreme Court of the United States has given this problem its attention as well. *McIlvanie* v. *Pennsylvania State Police* (1972), 6 Pa. Cmwlth. 505, 296 A. 2d 630, affirmed 309 A. 2d 801, dismissed 415 U. S. 986. In *McIlvanie,* the plaintiff, a Pennsylvania state policeman, attacked a statute requiring mandatory retirement at the age of 60. The state court upheld the constitutionality of the statute which decision was affirmed by the appellate court. A further appeal was dismissed by the United States Supreme Court for want of substantial federal question.

In another case, the Federal Employee Mandatory Retirement Law, requiring retirement at age 70, was challenged. *Weisbrod* v. *Lynn,* 383 F. Supp. 933 (D. C., D. Col. 1974), affirmed 43 U. S. Law Week 3464. In *Weisbrod,* the Supreme Court of the United States affirmed the district court decision that dismissed the case for want of a substantial federal question.

Finally, the defendants herein assert the defense that plaintiffs have not exhausted their available administrative remedies, and, therefore, are in court prematurely. The question is now well settled that a declaratory judgment proceeding may be used to determine the constitutionality of an ordinance. See 16 Ohio Jurisprudence 2d 602, Declaratory Judgments, Section 18, as follows:

"The Code provides that any person whose rights,

status, or other legal relations are affected by a constitutional provision * * * or by a municipal ordinance, may have determined any question of construction or validity arising under such constitutional provision, statute, rule, or ordinance and obtain a declaration of rights, status, or other legal relations thereunder.''

### Conclusion

I therefore hold:

(1) That ordinance 2350-74 is an exercise by a charter city of its powers of local self-government and not a police regulation, and, therefore, is valid and effective even though it is at variance with state law; and

(2) That ordinance 2350-74 does not violate the Constitution of the United States or the Constitution of the state of Ohio, and, therefore, is a constitutional enactment.

The request for permanent relief is denied and the preliminary injunction heretofore granted is dissolved.

*Permanent injunction denied.*