## BECDIR CONSTRUCTION COMPANY, INC.

### v.

## OHIO DEPARTMENT OF TRANSPORTATION.

Court of Claims of Ohio.

No. 92–10636.

Decided Nov. 23, 1992.

*John P. Gilligan* and *Edwin L. Skeens,* for plaintiff.

*Lee Fisher,* Attorney General, *Frederick C. Schoch, Mary Kirchner Crawford, Gregg Bachmann* and *Eric A. Walker,* Assistant Attorneys General, for defendant.

FRED J. SHOEMAKER, Judge.

On October 21, 1992, plaintiff, Becdir Construction Company, Inc. ("Becdir"), filed a complaint in this case and requested a temporary restraining order and preliminary injunction against defendant, Ohio Department of Transportation

("ODOT"), seeking to overturn the award of ODOT Project 812 (1992) to Bernard Jenkins Construction, Inc. ("Jenkins").

On October 27, 1992, the court heard oral arguments and granted a temporary restraining order, conditioned upon the posting of a $1,000 bond by plaintiff. A hearing on the preliminary injunction was consolidated with the trial on the merits and scheduled for November 4, 1992. Testimony was presented to the court on November 4, 5, 1992, and an agreed entry was filed by the parties to prevent the execution of ODOT Project 812 (1992) until November 24, 1992, or until judgment was rendered by this court.

ODOT Project 812 (1992) was a disadvantaged business enterprise set-aside project for which both Becdir, a pre-qualified general contractor, and Jenkins, a pre-qualified contractor for specific types of work, were eligible to submit bids. Becdir submitted a bid of $976,029.54. Jenkins submitted a bid of $917,410.50. Both contractors bid on all reference items, signed their bids, and posted the necessary bid guarantees.

When the bids for Project 812 were opened on September 15, 1992, it was determined that Jenkins, who had submitted the lower of the two bids, had not provided a list of contractors on the supplement questionnaire and did not submit the commitment letters from pre-qualified subcontractors. Becdir, who is pre-qualified for all aspects of the job as a general contractor, was not required to submit any additional documentation.

On September 16, 1992, after a telephone request by ODOT, Jenkins submitted a list of the subcontractors and on September 24, 1992, submitted commitment letters from the pre-qualified contractors. On September 25, 1992, ODOT announced that Jenkins was awarded ODOT Project 812 (1992) as low bidder on the project.

The plaintiff claims that the Jenkins bid was not responsive to the bid process and that therefore it must be rejected. Plaintiff further alleges that ODOT ignored the mandatory statutory and regulatory requirements established by the Ohio Revised Code and the Ohio Administrative Code. The defendant responded that it was within its discretion to accept a list of subcontractors and commitment letters after the opening of the bids but prior to the award. Additionally, defendant asserted that the Jenkins bid was a complete and responsive bid. Furthermore, it saved the taxpayers of the state of Ohio over $60,000.

ODOT is guided by R.C. Chapter 5525 in the advertisement and requirements of awards relative to construction contracts. Specifically, R.C. 5525.01 provides in pertinent part that:

"The director shall require all bidders to furnish him under oath, upon such printed forms as he may prescribe, detailed information with respect to their

financial resources, equipment, past record, personnel of organization, and experience, together with such information as the director deems necessary.

"*In the event a bidder fails to submit anything required to be submitted with the bid and then fails or refuses to so submit such at the request of the director,* such failure or refusal constitutes grounds for the director, *in his discretion,* to declare as forfeited the bid guaranty submitted with such bid.

"The director of transportation may reject any or all bids, provided that, *if he awards the contract, he shall award the contract to the lowest competent and responsible bidder qualified to bid under sections 5525.02 to 5525.09 of the Revised Code.*" (Emphasis added.)

The deference accorded to the judgment and discretion of administrative officials was recently addressed by Justice Holmes in *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 552 N.E.2d 202. The Ohio Supreme Court found that a municipality did not abuse its discretion by allowing clarifications and/or interpretation of a bid after the opening of bids but prior to the award. *Cedar Bay, supra,* further stated that:

"Generally, courts in this state should be reluctant to substitute their judgment for that of city officials in determining which party is the 'lowest and best bidder.' 'The rule is generally accepted that, in the absence of evidence to the contrary, public officers, administrative officers and public boards, within the limits of the jurisdiction conferred by law, will be presumed to have properly performed their duties and not to have acted illegally but regularly and in a lawful manner. All legal intendments are in favor of the administrative action.' *State, ex rel. Shafer, v. Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 590, 50 O.O. 465, 469, 113 N.E.2d 14, 19 * * *." (Citations omitted.) *Id.* at 21, 552 N.E.2d at 204.

The plaintiff relies on the Ohio Administrative Code, Section 5501:2–3–05(C), which provides that "the bidder *must* submit with his bid a letter from a qualified contractor * * *." (Emphasis added.) Plaintiff further states that most contractors have one interpretation and relies on the case *Perkins v. Bright* (1923), 109 Ohio St. 14, 21, 141 N.E. 689, 691, which provides that:

"The language of the statute under consideration is clear, plain, positive, and mandatory, and, if the object sought to be obtained by the Legislature is not the best for the public, its amendment or revision may be sought in the Legislature, but as long as the law remains upon the statute books in its present form we must give it such construction as its plain letter requires."

A review of the relevant statute, such as R.C. 5525.01, which was modified as late as June 30, 1991, makes it clear to this court that the Director of ODOT did not abuse his discretion by allowing the submittal of required supplemental information after the opening, but prior to the award, of a contract. While the

internal regulations may require or suggest additional information, the standard to be applied has been established by the legislature in R.C. Chapter 5525. *Kirwin v. Adjutant Gen.* (Feb. 25, 1992), Ct. of Cl. No. 90–09860, unreported.

Further review of the bid proposal reveals that on page 23 the section titled "Investigation" reveals that "the Director may conduct such investigation as he deems necessary in order to assist in the evaluation of any bid." In addition, at page 3 of the bid proposal, the specifications section provides that "the State of Ohio Department of Transportation Construction and Material Specifications dated January 1, 1991 * * * will govern this improvement * * *." Section 103.01 of the ODOT Construction and Material Specifications Manual provides that:

"The right is reserved to reject any or all proposals, *to waive technicalities* or to advertise for new proposals, if in the judgment of the awarding authority the best interests of the Department will be promoted thereby." (Emphasis added.)

From a review of the testimony, statutes and relevant case law, the court finds that ODOT did not abuse its discretion or violate any statutory or regulatory duty when ODOT Project 812 (1992) was awarded to Jenkins. The lowest competitive and responsive bidder, Jenkins, did not obtain any competitive advantage by submitting the list of subcontractors and their commitment letters after the opening of the bids, but prior to the award. Judgment will be rendered for the defendant and the defendant's motions to dismiss are deemed MOOT. The $1,000 bond shall be released to plaintiff.

*Judgment for defendant.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.