This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Nationwide Agribusiness Insurance Company ("Nationwide"), appeals the decision of the Summit County Court of Common Pleas. We affirm.
 I.
{¶ 2} On March 15, 2000, Jill Wagner sustained severe injuries as a passenger in a car that was involved in an automobile accident. At the time of the accident, Jill's father, Paul Wagner, was an employee of Akron Public Schools. Prior to the accident, Nationwide issued three insurance policies which provided underinsured motorist ("UIM") coverage to Akron Public Schools. Neither Barbara Wagner, Jill's mother, nor Jill were employees of Akron Public Schools. It is undisputed that Paul Wagner was not involved in the automobile accident. The Wagners claimed they were entitled to the UIM coverage under Nationwide's policies with Akron Public Schools. Nationwide denied the Wagners' claim.
{¶ 3} On January 24, 2001, Nationwide filed a declaratory judgment complaint against the Wagners. Nationwide sought a declaration that it was not obligated to extend UIM coverage to the Wagners for damages resulting from the automobile accident. The Wagners filed a counterclaim against Nationwide and third party claims against two other insurers. Both Nationwide and the Wagners filed cross motions for summary judgment. On October 11, 2001, the trial court granted the Wagners' summary judgment motion in part and held that the Wagners were insureds pursuant to Akron Public School's policies with Nationwide.[1] On March 5, 2002, the trial court issued a final judgment in favor of the Wagners. This appeal followed.
 II. Assignment of Error {¶ 4} "THE TRIAL COURT ERRED IN DETERMINING THAT THE APPELLEE OWED UNDERINSURED MOTORIST COVERAGE TO THE DAUGHTER OF AN OFF-DUTY SCHOOL BOARD EMPLOYEE."
{¶ 5} In its sole assignment of error, Nationwide asserts that the trial court erred in holding that it owed UIM coverage to Jill Wagner. We disagree.
{¶ 6} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. "[Appellate courts] review the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." AmericanEnergy Servs. v. Lekan (1992), 75 Ohio App.3d 205, 208. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 {¶ 7} "(1) No genuine issue as to any material fact remains to be litigated;
 {¶ 8} (2) the moving party is entitled to judgment as a matter of law; and
 {¶ 9} (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
{¶ 10} The underlying facts relevant to this appeal are not in dispute. The question before this Court is purely a question of law.
{¶ 11} Nationwide asserted three reasons why it does not owe UIM coverage to Jill Wagner: (1) the Wagners do not qualify as insureds under any of the Nationwide policies; (2) compelling Nationwide to provide coverage would violate Nationwide's due process rights; and (3) compelling Nationwide to provide coverage to a school district's employees for their personal activities would violate the privacy rights of the employees. We will address each of these assertions in turn.
 A.
{¶ 12} Nationwide asserted four arguments in support of its proposition that the Wagners are not insureds under its policies with Akron Public Schools. First, Nationwide argued that public schools have no authority to purchase UIM coverage for an off-duty employee and his family. Nationwide pointed to statutes and case law stating that a school board only has the authority granted to it by statute. See, e.g., Verbergv. Bd. Of Edn. (1939), 135 Ohio St. 246, 248. However, whether the authority to contract for UIM coverage for off-duty employees and their families falls within those statutory powers is irrelevant to an analysis under Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660.
{¶ 13} In Allen v. Johnson, this Court addressed the same issue concerning the authority of a school board to contract for UIM coverage for off-duty employees and their families. Allen v. Johnson, 9th Dist. Nos. 01CA0046 and 01CA0047, 2002-Ohio-3404, discretionary cross-appeal allowed, 2002-Ohio-5099. In that case, we held that a school district's statutory authority to purchase UIM insurance was irrelevant to an analysis under Scott-Pontzer because its authority "has no bearing on determining the scope of UM/UIM coverage under the terms of the policies." Allen at ¶ 22. Rather, a challenge to a school district's authority to enter into an insurance contract would be a defense to enforcement of the contract. Id., citing Countrymark Cooperative, Inc.v. Smith (1997), 124 Ohio App.3d 159, 164; see, also, Vicars v. McCray, 9th Dist. No. 21087, 2002-Ohio-6033, ¶ 15.
{¶ 14} The Akron School Board's authority to contract for UIM insurance is irrelevant to a determination of whether the Wagners were insureds under the terms of the policies. "That determination is based upon an interpretation of the language of the insurance policies in light of the Ohio Supreme Court's decision in Scott-Pontzer." Vicars at ¶ 16.
{¶ 15} Second, Nationwide asserted that Akron Public Schools had no insurable interest in Jill Wagner. This argument was raised by Justice Cook in her dissent to Scott-Pontzer, unfortunately, the majority did not adopt this reasoning. Consequently, under Scott-Pontzer, whether Nationwide had an insurable interest in Jill Wagner does not affect whether she is an insured under Nationwide's policies with Akron Public Schools.
{¶ 16} Third, Nationwide asserted that the Wagners are not within the definition of insureds. Nationwide makes a distinction between an insured and a person claiming to be an insured, arguing that a person claiming to be an insured bears the burden of proving he is an insured. In support of this proposition, Nationwide cites to Continental Ins. Co.v. Whittington (1994), 71 Ohio St.3d 150, 160, fn. 6. Contrary to Nationwide's assertions, Continental provides that the injured person has the burden of proof when she is the plaintiff, not when the insurance company initiated a declaratory judgment. Id. In the present case, Nationwide initiated the declaratory judgment, therefore, the burden is not on the Wagners.
{¶ 17} Nationwide also argued that the Wagners are not within the definition of insureds because the policies were issued to Akron Public Schools and not to individual employees. This argument has been addressed in Scott-Pontzer. Nationwide's policies contain the same language defining "who is an insured" that was construed by the Ohio Supreme Court in Scott-Pontzer:
{¶ 18} "1. You.
 {¶ 19} "2. If you are an individual, any `family member.'
 {¶ 20} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto'. The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 21} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'."
{¶ 22} The Scott-Pontzer majority held that the word "you" could reasonably be interpreted to include both the named insured and its employees. Scott-Pontzer, 85 Ohio St.3d at 664. "Based on this same reasoning, and the explicit terms of the above definition, the UM/UIM coverage has been extended to family members of the employee." Allen at ¶ 37, citing Ezawa v. Yasuda Fire Marine Ins. Co. of Am.
(1999), 86 Ohio St.3d 557. The present case is not distinguishable fromScott-Pontzer or Allen. The policy definition of "who is an insured" is the same and explicitly includes "family member[s]." Therefore, the Wagners qualify as insureds under the policies.
{¶ 23} Finally, Nationwide argued that Ohio courts have recognized the validity of Nationwide's assertions. Pursuant to the controlling case law cited above, this argument has no merit.
{¶ 24} Based upon the case law set forth above, the trial court did not err in finding that the Wagners were insureds under Nationwide's policy with Akron Public Schools.
 B.
{¶ 25} Nationwide next asserted that compelling it to provide coverage to the Wagners would violate its due process rights. Nationwide argued that "[a]ny application of Scott-Pontzer to create a result that was not intended by the parties will violate Nationwide's constitutional rights under the U.S. Constitution and the Ohio Constitution." Although this Court may not agree with the decision in Scott-Pontzer, it does not have the authority to review its propriety. See Allen at ¶ 39. "An Ohio court of appeals is bound by the decision of the Supreme Court of Ohio and has no power to declare a decision of the supreme court unconstitutional." Zeek v. State Farm Mut. Ins. Co. (Aug. 30, 1995), 1st Dist. No. C-940883.
 C.
{¶ 26} Finally, Nationwide argued that compelling it to provide coverage to a school district's employees for their personal activities would violate the employee's privacy rights. This argument is also without merit as Nationwide has not shown it has standing to assert the rights of the school district's employees. See, generally, State ex rel.Dallman v. Franklin Cty. Court of Common Pleas (1973), 35 Ohio St.2d 176.
{¶ 27} The trial court did not err in finding that Nationwide owed UIM coverage to the Wagners, therefore, Nationwide's assignment of error is overruled.
 III.
{¶ 28} Nationwide's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
BAIRD, P.J., WHITMORE, J. CONCUR.
[1] The remaining issues between the parties were resolved by agreement.