STATE EX REL. JOHN WEISS v. EDWARD S. KEEFER ET AL.

**Subsequent Board Bound by Determination as to Eligibility for Promotion.**

> A municipal civil service commission having once determined that a member of the police force is eligible for promotion is without power, after promotion is duly made by competitive examination, subsequently to reverse its decision with respect thereto, and a subsequent board is bound by such former action.

MANDAMUS.

*Denis F. Cash, Alfred Bettman* and *Henry Hunt*, for relator.

*Walter M. Schoenle*, city solicitor, and *Charles A. Groom*, assist. city solicitor, for defendants.

**JONES, O. B., J.**

This is an action in mandamus brought by relator to order the defendants, as civil service commissioners, to certify in connection with the pay rolls of the police department that relator

State v. Keefer.

had been appointed and was during the period beginning August 1, 1912, and ending September 15, 1914, employed in pursuance of the act passed April 28, 1913, to regulate the civil service (as found in 103 O. L. 698), as a sergeant in the police department of the city of Cincinnati, such a certificate to be given under a requirement found in Sec. 21 of said act.

Defendants filed an answer in which they admit that the relator was duly appointed and acted as a corporal in the police department from August 1, 1912, till March 19, 1913, and that since the latter date he had been performing the duties of a sergeant in the police department, but they question the regularity and legality of his appointment, and ask for a dismissal of the petition.

There is no dispute as to the facts, between the parties, but defendants contend that because the relator had not, at the time he was examined for promotion, served two years in the department as a corporal, that he was ineligible for an examination at that time and was improperly placed upon the eligible list by the civil service commission and that therefore his appointment, which was then made by the director of public safety from the eligible list, was illegal.

Under the rules of the police department and civil service at that time promotions were made from the position of corporal to that of sergeant by appointment from an eligible list which was prepared by the civil service commission upon promotional examinations held by it. Such an examination was held on March 10, 1913, in pursuance of a resolution of the commission passed February 28, 1913, as follows:

"The chief of police has made a verbal request that all corporals in the police department at the present time be admitted to the competitive examination for sergeancy, as only three corporals are now in the service who are eligible under the rules. Safety Director Cash had made requisition for certification for appointment to the position of sergeant, and there is no eligible list.

"The secretary was directed to hold the promotional examination for this grade as soon as possible and notify all corporals that they are eligible for the examination."

This resolution was adopted without dissent, at the meeting, by the three commissioners who at that time made up the civil service commission.

At that time one of the rules and regulations which had been adopted by said civil service commission was rule 84:

"No corporal who has not had at least two years' service as corporal in the police force of the city of Cincinnati shall be permitted to take an examination for promotion to the position of sergeant."

These rules also contained rule No. 110, as follows:

"No amendment of these rules shall be made, nor shall any rule be repealed, nor any new rule adopted at the same meeting at which it is proposed, and no final action to amend, repeal or supplement these rules shall be taken in less than seven days after its proposal and until after a public hearing, of which the commission shall give notice in at least two newspapers of general circulation in Cincinnati."

The sections of the civil service law in existence in March, 1913, providing for this promotional examination, which it is necessary to consider in this case, are Secs. 4480, 4481, 4482, 4483 and 4486 G. C., and under their provisions the commission was given full power to prepare rules and regulations to provide for the "grading of offices and positions similar in character in groups and divisions, so as to permit the filling of offices and positions in the higher grades as far as practicable through promotions." In pursuance of this power the commission had provided, by rule 84, that no corporal who had served less than two years as such school be eligible for examination for sergeant. There is, however, no statutory requirement as to the length of time a corporal should serve as such before being eligible for examination for sergeant.

From the action taken by the commission on February 28, 1913, it appears that at that time there were but three corporals then in the service who had been there the necessary two years to make them eligible for certification to the position of sergeant, and that there was then no eligible list. As under Sec. 4481, it was the duty of the commission, upon being notified by the safety director of a vacancy to be filled in the position of

State v. Keefer.

sergeant, to certify to him the three candidates graded highest on such an eligible list, it is apparent that if the rule requiring two years' service as corporal had not been waived or sus-pended, only three corporals could have taken the examination and if all three had successfully passed such an examination there would have been but three names to be certified on the eligible list for the making of one appointment as sergeant. The evidence shows that more than one sergeant was to be appointed at that time—the relator himself being the second appointment made under that examination—and it is therefore clear that as a matter of convenience it was then desirable for the commission to waive or suspend that rule if they had the power. No formal amendment or change in rule 84 was made at that time by the commissioners and no steps were taken to that end as provided by rule 110, but the action taken by the commission in its pro-ceedings of February 28, 1913, in providing for the holding of the promotional examination for sergeants while not constituting an amendment or change of its standing rules, was, in effect, a suspension or waiver of the provisions of rule 84.

We are of the opinion that the civil service commission had the power to so waive or suspend this rule, and that its action in making all the corporals then on the force eligible to this examination was within its power, and that the examination was within its power, and that the examination was held according to law. Nor was it necessary to note on its minutes that a rule had been suspended, there being no objection on the part of any member and all members being present. Cushing, Law of Leg. Assemb. Secs. 794 and 1478; Wyman, Admin. Law 108; *State* v. *Board of Education,* 1 Circ. Dec. 614 (2 R. 510); *Greeley* v. *Hamman,* 17 Colo. 30[28 Pac. Rep. 460].

The record shows that the statute was complied with in all particulars with regard to the examination which relator passed, and in making of his appointment. Upon a requisition made by the director of public safety for an eligible list, Weiss was duly certified upon that eligible list by the civil service commission itself, and he was duly appointed by the director of public safety, and the commission was notified of his ap-pointment by the director of public safety, and Weiss' name

was then placed upon the official roster of the commission kept in pursuance of Sec. 4483 G. C., and has been so continued up to the time it is now questioned.

The civil service commission having been invested by law with the power to determine the eligibility of Weiss, and having determined him to be eligible, is without power to subsequently reverse its decision. *Lazenby* v. *Civil Service Commission*, 116 App. Div. 135 [101 N. Y. Supp. 5]; affirmed, *Lazenby* v. *Homer,* 188 N. Y. 588 [81 N. E. Rep. 1172]; *People* v. *Cobb*, 13 App. Div. 56 [43 N. Y. Supp. 120]; *People* v. *Preston,* 62 Hun. 185 [16 N. Y. Supp. 488]; affirmed, *People* v. *Myers,* 131 N. Y. 644 [30 N. E. Rep. 864].

In 29 Cyc. 1433:

"If the power has by law been given to any officer to determine a question of fact, his determination is final, provided he has not been guilty of an abuse of discretion. Such a determination is binding upon the successors in office of the officer who made it."

Justice Brown, in the opinion of the court in *Noble* v. *Railway,* 147 U. S. 165 [13 Sup. Ct. Rep. 271; 37 L. Ed. 123], discusses the power of an officer acting in a *quasi* judicial capacity to reverse the decision of his predecessor in the same office.

In the case of *Ptacik* v. *People,* 194 Ill. 125 [62 N. E. Rep. 530], which is relied upon by defendants, the title of the assistant superintendent of police in Chicago was attacked directly by *quo warranto,* the statute requiring the promotional examination to be limited to members of the next lower rank; the officer whose title was attacked was not a member of the next lower rank, and, was therefore rendered by statute ineligible to examination, and was held to have been illegally appointed. This case can not apply to the case at bar, as it was there not a mere waiver of rule on the part of the commission, but a violation of the statute.

If it was desired to raise the question of the regularity or legality of his appointment, Sec. 29 of the act furnishes an opportunity for a direct attack upon his title, and it would be conducive to a stronger feeling of reliance upon the stability of their tenure by civil service employees, to have any question

State v. Keefer.

raised as to their titles by such a proceeding, rather than by a refusal of the civil service commission to certify on the pay roll names that have been placed and so long maintained by them upon their official roster.

The name of the relator being properly upon the roster, and his employment as sergeant having been made in pursuance of law, it was the duty of the civil service commission to furnish the certificate required under Sec. 21 of the civil service act.

A writ of mandamus, as prayed for, will therefore be allowed.

**Jones, E. H., J.** concurs.

**Swing, J.**

Judge Swing concurs in the above decision, for the reason that the civil service commission having been invested by law with the power to determine the eligibility of Weiss, and having determined him to be eligible, it is without power subsequently to reverse its decision, and the present board is bound by this former action.