Hart, J.
 

 It is agreed by counsel for both relator and respondents that the adoption of a rule or regulation setting up any educational requirement as a condition to taking a civil service test, except in certain cases not here involved, is prohibited by Section 486-9a', General Code. It is also agreed that since, under the rule of the commission, an educational standard is made a qualifying factor in determining the merit and fitness of candidates for the position of patrolman in the classified service of the city of Cleveland, there is an irreconcilable conflict between the rule of the commission and the provision of the general statute.
 

 Whether the state civil service law (Section 486-9a, General Code) has application is the sole question for decision in this case.
 

 The constitutional grant of powers of local self-
 
 *519
 
 government to municipalities and the limitations upon such powers are contained in Sections 3 and 7, Article XVIII of the Constitution, which sections are as follows:
 

 Section 3. “Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations,
 
 as are not in conflict with general laws.”
 
 (Italics ours.)
 

 Section 7. “Any municipality may frame and adopt or amend a charter for its government and may,
 
 subject to the provisions of Section 3 of this article,
 
 exercise thereunder all power of local self-government.” (Italics ours.)
 

 Section 486-9», General Code, provides:
 

 “No rules or regulations shall be made setting up educational requirements as a condition of "taking a civil service examination except in respect to professional and other positions for which such requirements are expressly imposed by statute and to the extent of the requirements so imposed.”
 

 If the plain provisions of this statute which are within the power of the Legislature to enact are applicable to all municipalities by virtue of the reservation in the constitutional provision above pointed out, the statute must prevail over the rule of the city civil ’ service commission since it is conceded that the latter is in conflict with the former. It is true that this court in former decisions has held that charter provisions, having to do with governmental as distinguished from administrative matters, with the preservation of public peace and with the protection of persons and property within the territorial limits of municipalities, may be adopted by such municipalities. However, such legislation must not conflict with constitutional state legislation on the same subject. Also, there is reserved to the Legislature power to direct the manner and method by which municipal corporations shall
 
 *520
 
 effectively carry out tlieir functions having to do with the preservation of the peace and the protection of persons and property.
 
 State, ex rel. Strain, Dir.,
 
 v.
 
 Houston, Chief, ante,
 
 203, 210, 34 N. E. (2d), 219. Especially does the Legislature in the enactment of general legislation have supremacy over municipal legislative bodies on subjects of state-wide concern.
 
 State, ex rel. Strain, Dir.,
 
 v.
 
 Houston, Chief, supra; City of Cincinnati
 
 v.
 
 Gamble, ante,
 
 220, 34 N. E. (2d), 226;
 
 In re Fortune, ante,
 
 385, 35 N. E. (2d), 442.
 

 The question presented can perhaps be best tested by supposing the requirement of the statute to be the greater and that of the charter the less in scope. For instance, if the statute required that one seeking appointment as patrolman could not enter a civil service examination unless he first presented a certificate or diploma of graduation from a four-year high school, or a school of equivalent rank, and a municipality by charter or ordinance declared that no such educational qualification under the same circumstances should be required, it is apparent that the requirement of the statute would prevail.
 

 In the case of
 
 In re Fortune, supra,
 
 this court, speaking through Judge Williams, said:
 

 “Even though we concede that in some instances civil service is a matter of local concern, the state possesses power to legislate in regard to such service, when it is brought into play in connection with some matter of state-wide concern. Thus in dealing with matters of public health, the Legislature has power to regulate civil service with respect thereto even in municipalities.”
 
 State, ex rel. Mowrer,
 
 v.
 
 Underwood et al., Civil Service Comm.,
 
 137 Ohio St., 1, 27 N. E. (2d), 773.
 

 “By a series of decisions culminating in
 
 City of Cincinnati
 
 v.
 
 Gamble et al., Bd. of Trustees,
 
 * * *
 
 [supra],
 
 this court has definitely established the rule that matters pertaining to police protection are ot
 
 *521
 
 state-wide concern and under the control of state sow ereignty. It follows that civil service as applied to the police department of a city is subject to state regulation and the statute must prevail.”
 

 In the
 
 Fortune case, supra,
 
 this court held that procedure in an appeal from the removal of a member of the police department of a municipality was governed by the provisions of general state law (Section
 
 486-17a,
 
 General Code) and not by conflicting city ordinance provisions. If the provisions of state-wide legislation prevail in the removal of a city policeman or patrolman, it would seem that state legislation should also prevail over rules adopted pursuant to charter provisions relating to the method of admission to the department.
 

 There may also be involved here a constitutional question as to whether a city civil service commission may reasonably require an applicant for a civil service examination for the position of patrolman, as a condition to taking the examination, to produce a diploma or certificate of graduation from a four-year high school, without providing any equivalent as to educational qualifications, since the position of patrolman is not a professional or other position for which such requirements are expressly imposed by statute. However, since this question has not been raised, the court makes no decision upon it.
 

 Writ allowed.
 

 Weygandt, C. J., Williams, Matthias, Zimmerman and Bettman, JJ., concur.