Taft, J.,
concurring. The decision rendered in Lapolla v. Davis, 151 Ohio St., 550, 86 N. E. (2d), 615, was almost identical with and, if followed, requires the decision which is being rendered in the instant case.
I could not and did not concur in the judgment dismissing the appeal in the Lapolla ease “for the reason that no debatable constitutional question is involved,” because that decision was clearly irreconcilable with the previous decision in State, ex rel. Arey, v. Sherrill, City Mgr., 142 Ohio St., 574, 53 N. E. (2d), 501, and also because I had very great difficulty in finding any reasonable ground of reconciling the decision in the Lapolla ease with the decisions and pronouncements of law made in State, ex rel. Strain, Dir., v. Houston, Chief of Fire Dept., 138 Ohio St., 203, 34 N. E. (2d), 219; City of Cincinnati v. Gamble et al., Bd. of Trustees, 138 Ohio St., 220, 34 N. E. (2d), 226; In re Fortune, 138 Ohio St., 385, 35 N. E. (2d), 442; State, ex O’Driscoll, a Taxpayer, v. Cull et al., Civil Service Comm., 138 Ohio St., 516, 37 N. E. (2d), 49; and State, ex rel. Daly, v. City of Toledo, 142 Ohio St., 123, 50 N. E. (2d), 338. Each of those six decisions was rendered only 12 to 15 years ago and five of them were concurred in by three of the present members of this court and the sixth (State, ex rel. Daly, v. City of Toledo) was concurred in by two of those judges.
It is regrettable that this court should neglect either to overrule, distinguish or even to notice its previous decisions and pronouncements of law made so recently and which are so difficult to reconcile with the decisions rendered in the Lapolla case and in this case.
If the question in the Lapolla case had been one of first impression, I would have concurred in the judgment of dismissal therein for the reasons which were so concisely stated by Turner, J., in his dissenting opinions in State, ex rel. Strain, v. Houston, supra; City of Cincinnati v. Gamble, supra; and State, ex rel. O’Driscoll, v. Cull, supra.