Zimmerman, J.,
dissenting. Despite the fact that I may be charged by “home rule” enthusiasts with being reactionary and unenlightened, I am constrained to dissent in the instant case on authority of State, ex rel. Strain, Dir., Dept. of Industrial Relations, v. Houston, Chief of Fire Dept., 138 Ohio St., 203, 34 N. E. (2d), 219; City of Cincinnati v. Gamble et at., Board of Trustees, 138 Ohio St., 220, 34 N. E. (2d), 226; In re Fortune, 138 Ohio St., 385, 35 N. E. (2d), 442; State, ex rel. O’Driscoll, a Taxpayer, v. Cull et al., Civil Service Commission, 138 Ohio St., 516, 37 N. E. (2d), 49; State, ex rel. Daly, v. City of Toledo, 142 Ohio St. 123, 50 N. E. (2d), 338; and State, ex rel. Arey, v. Sherrill, City Mgr., 142 Ohio St., 574, 53 N. E. (2d), 501; in all of which cases I was one of the concurring judges.
Although Section 3, Article XVIII of the Constitution of Ohio, grants to municipalities the power of local self-government, including the power to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws, matters pertaining to fire protection and police are of concern to the people of the state generally, and where the General Assembly has enacted legislation with respect to the organization and operation of fire and police departments, municipal ordinances in conflict therewith must yield to superior authority.
In matters of state-wide concern, such as fire and police activities, uniformity throughout the state is essential, and this can be achieved only where a central authority, as represented by the General Assembly, is in control of the situation.