STATE, ex rel. ELCHLINGER, Relator, v. RAMSER et, Respondents.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25539. Decided March 9, 1961.

*Mr. Ralph J. Stemberger,* for relator.
*Mr. William J. Tosko,* for respondents.

 For further history see *Omnibus Index* in bound volume.

KOVACHY, P. J. This is an original. action in this court in mandamus. The relator alleges in his petition that he is a patrolman with the police department of the City of Garfield Heights, Ohio, having been appointed on July 1, 1956; that the respondents are members of the Civil Service Commission; that the City of Garfield Heights adopted a charter; that Section 48 of said charter provides:

"The Civil Service Commission shall make necessary rules for the * * * promotion of * * * persons in the classified service * * *";
that the Civil Service Commission has not made or adopted any rules pursuant to said charter provision; that the Civil Service Commission has given notice of an examination for promotion to lieutenant in the Safety Department to be held February 27, 1961, and has declared only sergeants with 120 days service in such capacity eligible; that no sergeant has served at least twelve months in that rank; and that patrolmen, being the next lower rank in the police department, are likewise eligible to take the examination.

The relator prays "that a writ of mandamus issue * * * commanding the respondents to permit relator to take the promotional examination for the position of lieutenant."

Respondents filed their answer in which none of the facts alleged in the petition are controverted except the matter of the adoption of necessary rules by the Civil Service Commission. They aver that the notice of examination for promotion to lieutenant in the Safety Department follows rules adopted by them "at a regular meeting of said commission held February 11, 1957," at which time they caused to be spread on their official minutes "a resolution that said commission shall be governed by the Ohio Civil Service laws as shown by 'Exhibit

A' attached hereto and made a part of this answer." Exhibit "A" reads as follows:

"CITY OF GARFIELD HEIGHTS, OHIO
CIVIL SERVICE COMMISSION
MEETING HELD FEBRUARY 11, 1957
 "Meeting called to order 7:30 P. M. by Chairman Murphy.
 "Present: Thos. Murphy
 Ray J. Kniola
 Fred Ramser
 H. H. Wightman
"Minutes of previous meeting were read and approved. Chairman Murphy opened with a discussion of the new Charter effective Jan. 1, 1957, and especially referred to section 48, which has reference to the Civil Service Commission. After some remarks regarding rules and regulations for the Civil Service Commission it was moved by Ramser and seconded by Kniola that this Commission operate as in the past and be governed by the Ohio Civil Servcie Laws. All members agreed. No further business meeting adjourned 9:30 P. M.

 signed H. H. Wightman
 Secretary"

The relator has now filed a demurrer to the answer on the ground "that the matters and things therein contained are insufficient in law to constitute a defense."

Section 48 of the charter for the City of Garfield Heights, inter alia, reads:

"The Civil Service Commission shall make necessary rules for the * * * promotion * * * of persons in the classified service. Before any such rules or amendments thereof shall become effective, they shall be published in writing and an opportunity given for a pubic hearing thereon to be held after reasonable notice thereof has been given by the Commission."

The resolution adopted by the Civil Service Commission in an attempt to comply with the requirements of Section 48 of the charter makes no provision that the rules and regulations to govern its operation "be published in writing and an opportunity given for a public hearing thereon to be held after reasonable notice thereof," which is a mandatory requirement of the charter before any such rules and regulations can become effec-

tive. As a consequence thereof, no valid rules of the Civil Service Commission of Garfield Heights exist as yet as to "the appointment, promotion, transfer, lay-off, reinstatement, suspension and removal of persons in the classified service." Since, therefore, the Civil Service Commission has failed to establish rules and regulations delegated to it by authority of the charter, any action pertaining to the classified service must be in compliance with the statutory laws of the State of Ohio on the subject. *State, ex rel. Jackson, v. Dayton City Commission,* 30 Ohio Law Abs., 378.

Section 143.30, "Municipal civil service commission," in parts pertinent to our consideration here, reads:

"* * * Such municipal civil service commission shall prescribe, amend and enforce rules not inconsistent with Sections 143.01 to 143.48, inclusive, Revised Code, * * * for appointments, promotions, removals, transfers, lay-offs, suspensions, reductions, and reinstatements therein; * * *."

Section 143.34, Revised Code, "Patrolman, promotion of," states:

"No positions above the rank of patrolman in the police department shall be filled by original appointment. Vacancies in positions above the rank of patrolman in a police department shall be filled by promotion from among persons holding positions in a rank lower than the position to be filled. No position above the rank of patrolman in a police department shall be filled by any person unless he has first passed a competitive promotional examination. Promotion shall be by successive ranks so far as practicable, and no person in a police department shall be promoted to a position in a higher rank who has not served at least twelve months in the next lower rank. No competitive promotional examination shall be held unless there are at least two persons eligible to compete. Whenever a municipal civil service commission determines that there are less than two persons holding positions in the rank next lower than the position to be filled, who are eligible and willing to compete, such commission shall allow the persons holding positions in the then next lower rank who are eligible, to compete with the persons holding positions in the rank lower than the position to be filled. * * *"

440

The petition alleges, and the answer does not deny, that no sergeant presently on the Garfield Heights Police Department has served the necessary twelve months in that rank to permit him exclusively to take a promotional examination for lieutenant.

It necessarily follows therefrom that the examination posted by the Civil Service Commission is not in compliance with statutory law and consequently is invalid and without force or effect. Under the law and facts here present, therefore, persons holding positions in the rank next lower to sergeants and who have served at least twelve months in their position are eligible to take the examination for promotion to lieutenant.

We hold, accordingly, that the demurrer to the answer is well taken and should be and herewith is sustained and that the relator has shown a clear legal right to the issuance of the writ prayed for.

Writ to issue. Exceptions. O. S. J.

Skeel and Hurd, JJ., concur.