254

(No. 838085—Decided March 7, 1967.)

Common Pleas Court of Cuyahoga County.

*Messrs. Barragate & Barragate, Mr. Philip C. Barragate,* of counsel, for relator.
*Mr. Robert F. Belovich,* for respondents.

McMonagle, J. This is an action in mandamus. Relator in his petition alleges that respondent city is a duly incorporated chartered city; that respondent Raymon Fetzek is its mayor; the eight other respondents are the councilmen of said city and as such are the appointing authority of the city for the chief of police and all employees and personnel of its police department;

that relator is a sergeant in the respondent city's police department; that on or about the 20th of October, 1966, relator duly submitted his application to take the promotional examination for chief of police in accordance with an announcement published by the Civil Service Commission of said city on or about the 4th day of October, 1956; the relator's application was approved and accepted by the Civil Service Commission and he was permitted to and did take the examination for chief of police on the 25th day of October, 1966; that relator received the highest grade in said examination and was thereafter on or about the 16th of November, 1966, certified, for appointment as chief of police, to the appointing authority, by the Civil Service Commission; that although so certified respondent city's council refused and failed to appoint the relator as chief of police although requested in writing to do so on the 9th of December, 1966; that unless relator is appointed he will suffer irreparable damage.

The prayer of the ptition is one praying that a writ of mandamus be issued directing the respondents (councilmen) to appoint the relator as chief of police of the city of Broadview Heights Police Department.

The answer of the respondents admit the incorporated and chartered status of the city of Broadview Heights; that Raymon Fetzek is its mayor; that the other respondents are the councilmen of the city of Broadview Heights; that relator is a sergeant in its police department; admits that on October 25 a civil service promotional examination for chief of police of said city was given; admits that the relator received the highest grade in that examination.

Respondents state, by way of affirmative defense, that the statutes of the state of Ohio prevent the certification or relator as chief of police or for any other promotion above the rank of sergeant.

It was stipulated, at the time of the trial, that relator was duly certified for appointment as chief of police by the Civil Service Commission, as alleged in his petition.

The evidence established the following facts:

Section 9 of the charter of the respondent city provides for the organization of a Civil Service Commission and its powers and duties.

*Powers and Duties*

"(a) The commission shall provide by rule for ascertainment of merit and fitness as the basis for appointment and promotion in the classified service of the municipality, as required by the Constitution of the state of Ohio, and for appeals from the action of the director of public safety in case of transfer, reduction or removal except as otherwise provided in the charter.

"(b) The commission shall keep a record of its proceedings and examinations, which shall be open to public inspection, and in all matters not in conflict with this charter shall conduct its affairs in accordance with the provisions of the general law."

The office of chief of police is, by the provisions of the charter, included in the classified service.

In accordance with the mandate of the city charter, the Civil Service Commission was organized, and adopted its rules and regulations, on July 17, 1962. The rules included the following:

RULE IV. 5.

"(b) Promotional examination. (Also, see Sections 143.24, 143.34 and 143.341, Revised Code.) Promotional examinations shall be in writing, shall be practical in character and shall relate directly to those matters which will fairly test the relative capacity of the person examined to discharge the particular duties of the position for which promotion is sought.

"Promotions to positions above the rank of patrolman in the police department shall be in accordance with the provisions of Section 143.34, Revised Code.

"Promotions to positions above the rank of regular fireman in the fire department shall be in accordance with the provisions of Section 143.341, Revised Code."

Section 143.34, Revised Code, provides in part as follows:

"Vacancies in positions above the rank of patrolman in a police department shall be filled by promotion from among persons holding positions in a rank lower than the position to be filled. No position above the rank of patrolman in a police department shall be filled by any person unless he has first passed a competitive promotional examination. Promotion shall be by successive ranks so far as practicable, and no person in a police department shall be promoted to a position in a higher rank

who has not served at least twelve months in the next lower rank. No competitive promotional examination shall be held unless there are at least two persons eligible to compete. Whenever a municipal civil service commission determines that there are less than two persons holding positions in the rank next lower than the position to be filled, who are eligible and willing to compete, such commission shall allow the persons holding positions in the then next lower rank who are eligible, to compete with the persons holding positions in the rank lower than the position to be filled.''

On September 20, 1966, a regular meeting of the civil service commission was held. All members of the commission were present, together with Mayor Fetzek, Councilman Detwiler, and Law Director Belovich. A vacancy existed in the office of chief of police as a result of the death of Chief Kolka on August 31, 1966. The police department then consisted of four members. There were two sergeants, including the relator who had become a sergeant on September 7, 1966, and Sergeant O'Toole who had occupied the office of sergeant in the police department in excess of one year. The two remaining members of the department were patrolmen who had served as such for periods that were not greatly in excess of one year.

At the meeting of September 20, 1966, the commissioners reviewed their own rules with reference to promotions and the taking of promotional examinations by members of the police department. This then provided that promotions to positions above the rank of patrolmen in the police department shall be in accordance with the provisions of Section 143.34, Revised Code.

The relator obviously was not qualified, in accordance with the Civil Service Commission rules in effect prior to the September 20, 1966 meeting, to take the promotional examination for chief of police.

The meetings of the Civil Service Commission were conducted in a somewhat informal manner. However, it was unanimously agreed by all members of the Civil Service Commission at the meeting of September 20, 1966 that the two individuals who at that time occupied the office of sergeant in the police department would alone be eligible to take the promotional examination for chief of police.

It is the claim of the relator that this action by the Civil Service Commission constituted a change, amendment or suspension of its previous rules and in substance established a rule which was to the effect that both sergeants in the police department, and no other officers would be eligible to, and would be permitted to take this promotional examination.

There is no substantial dispute as to the facts.

The claims of the respondents are basically to the effect that

(a) The eligibility of members of the police department to take the promotional examination for chief of police was controlled by the provisions of Section 143.34, Revised Code, and that therefore any change in the eligibility requirements must be made by the General Assembly in the form of an amendment to Section 143.34, Revised Code;

(b) If the Civil Service Commission did have the authority to provide that only the two sergeants would be permitted to take the promotional examination by, in effect, changing or waiving the requirement that the relator must have served at least twelve months as a sergeant, that the Civil Service Commission did not validly exercise that authority.

(c) By reason of the foregoing, the examination of October 25, 1966 was illegal and void and the certification made pursuant to the examination was therefore invalid, and the respondents, the city councilmen, were under no obligation to, nor do they have the right to, appoint the relator to the office of chief of police.

It was agreed in open court, at the time of the trial, by counsel for the relator and counsel for the respondents that, if the court determined that the unanimous action by the Civil Service Commission on September 20, 1966 opening the promotional examination for chief of police to all members of the police department of the city of Broadview Heights who then held the rank of sergeant, and to no others, was a valid exercise of its powers and duties then the writ of mandamus should be allowed. If, however, the court determined that such action did not constitute a valid exercise of its powers and duties, then the writ should be denied.

A determination of this controversy calls for a review of some phases of the law affecting the rights, powers, duties and obligations of the parties.

The Constitution of the state of Ohio contains the following:

Section 10, Article XV.

"Appointments and promotions in the civil service of this state, the several counties and cities, shall be made according to merit and fitness to be ascertained, as far as practicable, by competitive examinaton. Laws shall be passed providing for the enforcement of this provision."

The Supreme Court of Ohio, at different times, handed down conflicting interpretations of the so-called "Home-Rule" provision of the Constitution of Ohio affecting the foregoing Section 10, Article XV, and the laws passed pursuant to it.

It has now been firmly established that by the provisions of Section 3 of Article XVIII of the Constitution of Ohio that charter provisions of Ohio municipalities, and ordinances and rules adopted pursuant to such provisions, which deal with the classified and unclassified service, competitive and non-competitive examinations, promotional qualifications, etc., where not in conflict with constitutional requirements as to merit and fitness, prevail over statutes.

Prior to the decision of the Supreme Court of Ohio in the case of *State, ex rel. Canada, Appellant,* v. *Phillips,* 168 Ohio St. 191, it generally had been held that the provisions of Section 3, Article XVIII of the Ohio Constitution, pertaining to the power of local self-government by municipalities did not authorize the giving of promotional examinations for members of the departments of police and fire in the Ohio municipalities except as provided by the Revised Code of Ohio, particularly Section 143.34 and its predecessor sections. Such was the substance of the holdings in various decisions, including *State, ex rel. O'Driscoll,* v. *Cull et al.,* 138 Ohio St. 516, where it was held that a rule of a civil service commission with reference to the educational requirements of an applicant for the position of patrolman was in conflict with the General Code and that the statute must prevail.

In *State, ex rel. Daly,* v. *City of Toledo,* 142 Ohio St. 123, the court held that a municipal ordinance requiring retirement of persons in the classified service at the age of 65 years was invalid and unenforceable because it was in conflict with Section 486-17(a) of the General Code.

In the case of *State, ex rel. Arey,* v. *Sherrill, City Manager,*

142 Ohio St. 575, it was held that in a chartered municipality a provision of the administrative code, enacted under authority of the charter, granting a city manager the power to appoint, dismiss, suspend and discipline all officers, including members of the police department, could not prevail against the provisions of the General Code.

In the *Canada case,* the relator had taken an examination for the position of deputy inspector in the Columbus Police Department. He received the highest grade and one Captain List the second highest grade. The Civil Service Commission certified for appointment the names of the three who received the highest grades. The respondent, Captain List, was appointed. This certification was in accordance with Section 151 of the charter of the city of Columbus which required the names of the three candidates standing highest be certified to the appointing authority. It also provided: "The appointing authority shall appoint one of the three persons certified to him, to such position."

The relator contended that since Section 151 of the city charter was in conflict with Section 143.34, Revised Code, that the appointment thereunder was invalid, and that relator, who had received the highest rating, was entitled to the appointment. Section 143.34, Revised Code, includes the following:

"After such an examination has been held and an eligible list established, the commission shall forthwith certify to the appointing officer the name of the person receiving the highest rating. Upon such certification, the appointing officer shall appoint the person so certified within thirty days from the date of such certification."

The Supreme Court, however, held that the provsions of the city charter prevailed over the state statute, namely, Section 143.34, Revised Code. Even though a charter, municipal ordinance, or rule of a civil service commission may conflict with the provisions of the state statutes pertaining to the eligibility of persons entitled to take promotional examinations given by a municipal civil service commission, the charter, ordinance or rule will prevail over the state statute.

Syllabi 7 and 8, *State, ex rel. Canada,* v. *Phillips, supra,* read as folows:

"7. Where a municipality establishes and operates a po-

lice department, it may do so as an exercise of the powers of local self-government conferred upon it by Sections 3 and 7 of Article XVIII of the Constitution; and, if it does, the mere interest or concern of the state, which may justify the state in providing similar police protection, will not justify the state's interference with such exercise by a municipality of its powers of local self-government.

"8. Paragraph two of the syllabus of and *State, ex rel. Lynch,* v. *City of Cleveland,* 164 Ohio St. 437, *State, ex rel. Lentz et al., Civil Service Commission,* v. *Edwards,* 90 Ohio St. 305, and paragraph two of the syllabus of and *Hile* v. *City of Cleveland,* 118 Ohio St. 99, approved and followed. *State, ex rel. Strain, Dir., Dept. of Industrial Relations,* v. *Houston, Chief of Fire Dept.,* 138 Ohio St. 203, distinguished and paragraphs two and four of its syllabus questioned. *City of Cincinnati* v. *Gamble et al., Board of Trustees,* 138 Ohio St. 220, distinguished. paragraph three of its syllabus questioned and paragraph four of its syllabus overruled. *In re Fortune,* 138 Ohio St. 385, distinguished. The syllabus of and *State, ex rel. O'Driscoll, a Taxpayer,* v. *Cull et al., Civil Service Commission,* 138 Ohio St. 516, the syllabus of and *State, ex rel. Daly,* v. *City of Toledo,* 142 Ohio St. 123, and paragraphs four, five and six of the syllabus of and *State, ex rel. Arey,* v. *Sherrill, City Mgr.,* 142 Ohio St. 574, overruled."

The Broadview Heights Civil Service Commission was duly authorized to and did validly enact its own rules and regulations on July 17, 1962.

Two questions presented here are:

(1) Could the Broadview Heights Civil Service Commission, on September 20, 1966, validly change its requirements as to eligibility for the taking of a promotional examination in the police department?

(2) Did the Broadview Heights Civil Service Commission, on September 20, 1966, validly change its requirements as to eligibility for the taking of a promotional examination in the police department?

It is elementary that where the provisions of a city charter authorize the civil service commission to establish rules, the commission also has the inherent right to change the rules. There is no limitation on this right contained in the city charter.

Instead of specifically spelling out its own provisions with reference to the eligibility of persons entitled to take promotional examinations in the police department, the commission incorporateed as its rule, the provisions of Section 143.34, Revised Code. By doing this it did not abrogate its right to subsequently change its requirements as to the eligibility of members of the police department to take promotional examinations, so long as the new provisions were not unreasonable and arbitrary.

The incorporating of the provisions of Section 143.34, Revised Code, into the rules of the civil service commission was not the result of a mandate of some superior authority but it was by choice of the commission. On September 20, 1966 it chose not to continue the statutory requirements as its rule governing the eligibility of applicants for the promotional examination for chief of police. This, it had the right to do.

There is no provision of law that requires the civil service commission to permanently chain its rules as to eligibility for promotional examinations to those contained in the Revised Code.

The authority by which, in the first instance, it adopted the provisions of the state statute as its rule, permitted it to subsequently establish different provisions of eligibility even though they were in conflict with the provisions of the General Code that it had previously adopted as its own.

The court does not deem it unreasonable or arbitrary for a civil service commission to unanimously vote to restrict an examination for the office of chief of police to the officers then occupying the next highest rank in the department, rather than opening it to all members of the department.

It is further the respondents' contention that if the civil service commission did have the authority to provide that only the two sergeants would be permitted to take the promotional examination that it did not validly exercise that authority. It is claimed that the charter of the city of Broadview Heights, Section 9 (Subsection (b) of Powers and Duties) required the compliance by the civil service commission with the provisions of Section 143.13, Revised Code, as a prerequisite to any change, modification, or suspension of the rules applicable to eligibility of members of the police department to take a promotional examination.

Charter section 9, Powers and Duties, provides:

"(b) The commission shall keep a record of its proceedings and examinations, which shall be open to public inspection, and in all matters not in conflict with this charter shall conduct its affairs in accordance with the provisions of the General Law."

Since its rule making power is granted in (a) of the same subsection, the court does not feel that (b) pertains to proceedings affecting the commission's rule making powers, but rather to the keeping of its records such as are subject to audit by the state examiners and must conform to certain standards. (Sections 117.01, 117.05, *et seq.*, Revised Code). The rule making power granted in (a) is limited only "by the Constitution of the State of Ohio" and the city charter ("except as otherwise provided in the charter").

Although the court holds that Section 143.13, Revised Code, has no applicability to the issues presented herein, a review of it follows, in view of the contentions of the respondents.

Section 143.13, Revised Code, provides as follows:

Rules of Classification.

"The director of state personnel shall put into effect rules for the classification of officers and positions for appointments, promotions and transfers, for maintaining and keeping records and the efficiencies of officers and employees."

It further provides:

"Due notice of the contents of such rules and of such changes therein shall be given to appointing authorities affected by such rules, and such rules shall also be printed for public distribution."

In the within matter the notice of the police promotional examination (Joint Exhibit E) containing the eligibility requirements that has been determined by the civil service commission was duly issued and published prior to the date set for the examination.

Section 143.13, Revised Code, if applicable to the issues asserted here, does not require that notice be given prior to a change being made in eligibility requirements. Proper notice, in the form of Joint Exhibit E, was given prior to the time the change in eligibility requirements was effective, that is, the date of the examination.

Counsel for the respondents has cited the case of *State, ex*

*rel. Eichlinger,* v. *Ramser,* 113 Ohio App. 289. In this action the Cuyahoga County Court of Appeals held that a promotional examination in Garfield Heights limited to sergeants with less than one year in rank was invalid.

However, the court held that since the charter of the city of Garfield Heights, Ohio, required that before any rules of its civil service commission became effective, that they shall be published in writing and an opportunity given for a public hearing thereon; that since this had not been done there were no valid rules; that the statutory law was therefore controlling; that an examination providing that only sergeants with 120 days service in such rank would be eligible to take the promotional examination, was invalid; and that under the statute persons holding the rank next lower to sergeants and who had served at least twelve months in their positions were eligible to take the examination for promotion to lieutenant.

The charter of the city of Broadview Heights does not contain a requirement for publication and a public hearing as does the Garfield Heights charter. The decision in the *Eichlinger case* is not applicable to the facts herein.

Respondents also cite the case of *State, ex rel. Nimmo,* v. *Cain,* 152 Ohio St. 203. The *Nimmo case* was not concerned with the authority of a civil service commission to change its rules. When the *Nimmo case* was decided it was generally held that the provisions of the state code, particularly Section 486-15a, which is the predecessor to Section 143.34, completely controlled the eligibility of persons applying to take promotional civil service examinations in the police and fire departments. The Supreme Court held that under the provisions of Section 486-15a, Revised Code, it was proper to permit the person who occupied the office of second assistant fire chief to take the examination for chief of the Cleveland Fire Department with the person who occupied the position of first assistant fire chief since there were less than two persons holding positions in the grade or rank next lower than the position to be filled. This is the law where the eligibility of persons in its municipal classified service to take promotional examinations is solely controlled by the provisions of the Revised Code. Also, it reflects the rule generally adopted by municipal civil service commissions. It does not lend any assistance in determining the issues here presented.

In the case of *State, ex rel. Weiss*, v. *Keefer et al.*, 3 Ohio App. 426, the relator at the time of taking the promotional examination for sergeant of the police department of the city of Cincinnati, had not served two years in the department as corporal, having served in that rank for approximately seven months.

The prior rule read, "No corporal who had not had at least two years service as a corporal in the police force in the ctiy of Cincinnati, shall be permitted to take an examination for promotion to sergeant."

A further commission rule provided that no new rule could be adopted in less than seven days prior to its proposal and until after prior hearing had with two weeks prior notice in two newspapers of general circulation in the city of Cincinnati.

The resolution adopted by the commission on the 28th day of February, 1913 was as follows:

"The chief of police has made verbal request that all corporals in the police department at the present time be admitted to competitive examination for sergeant, as only three corporals are now in service who are eligible under the rules which require two years in service as a corporal before taking a promotional examination for sergeant."

The relator was permitted to take the examination and as a result he was appointed as sergeant.

The court in disposing of the matter held that the civil service commission had the power to waive or suspend its rule and that the examination as given was within its power and that it was held in accordance with the law.

9 Ohio Jurisprudence 2d, page 350, paragraph 39:

"The civil service commission may change its rules from time to time if, in its discretion, it feels it is to the best interest of the city, provided there is not an abuse of discretion or it is not unreasonable or arbitrary."

At page 353:

"It seems that a municipal commission may waive or suspend a rule it has made when it is desirable to do so as a matter of convenience, and that it is not essential that the fact of such suspension or waiver be noted on its minutes, at least where all members of the commission were present at the time and no objection was made by any of them."

It is the finding of the court that the unanimous action by the civil service commission of the city of Broadview Heights, Ohio, on September 20, 1966, opening the promotional examination for chief of police to all members of the police department who then held the rank of sergeant, and to no others, was a valid exercise of its powers.

It is therefore the finding of the court that the relator has a clear legal right to the office of chief of police of the city of Broadview Heights, Ohio. A peremptory writ of mandamus is allowed commanding the respondents to forthwith name Glenn E. Brownlee as chief of police of the city of Broadview, Heights, Ohio.