Lynch, Appellant, *v.* Tiffenbach et al., Appellees.

(No. 9-178—Decided January 3, 1984.)

*Mr. Paul H. Hentemann,* for appellant.

*Mr. I. James Hackenberg,* for appellees.

DAHLING, J. The appellant and two Mentor police lieutenants took a written promotion examination for the position of Mentor police captain. The appellant was the only candidate to obtain the minimum passing percentage of seventy percent.

Pursuant to Mentor Ordinance Section 33.45, the appellant was ordered to submit to an oral examination. The Mentor Civil Service Commission retained the services of a testing consulting firm specializing in the structuring of these types of examinations.

The appellant's examination consisted of questions designed to test his reasoning, judgment and ability to apply his acquired knowledge to actual practical problems. The examination session was not recorded. The examiners found that the appellant did not pass the oral examination. He was, therefore, denied the promotion to police captain.

Appellant then filed a complaint in Lake County Court of Common Pleas requesting injunctive relief and an order certifying the appellant's entitlement to the promotion; appellant claimed, essentially, that appellee violated the requirements of fundamental fairness and due process.

On February 17, 1982, a hearing was held and testimony was taken from all parties and witnesses.

On September 21, 1982, the trial court denied the relief sought by the appellant and dismissed the complaint. This appeal followed.

Appellant has submitted four assignments of error:

"1. The Trial Court committed prejudicial error to the Plaintiff-Appellant, Richard Lynch, in permitting the Mentor Civil Service Commission, in light of Section 124.44 of the Ohio Revised Code, to order an oral examination in conjunction with a written examination for a police promotional examination.

"2. The Trial Court committed prejudicial error to the Plaintiff-Appellant, Richard Lynch, in failing to rule that the oral examination was so calculated as to bypass and avoid Section 124.44 of the Ohio Revised Code.

"3. That the Plaintiff-Appellant, Richard Lynch, was denied a due process right in that he was unable to recapture his answers in the oral examination to demonstrate that they were, in fact, correct because of the total failure of the Mentor Civil Service Commission to record the questions and answers propounded to the Plaintiff-Appellant during the oral examination.

"4. That the Plaintiff-Appellant, Richard Lynch, was denied an effective means of appealing the results of the oral examination and assessment."

Since appellant's first and second assignments of error concern the same issue, they shall be addressed together. They are without merit.

Appellant contends that the civil service commission is prohibited from using oral examinations to determine promotions. However, reliance on R.C. 124.23 and *Campbell* v. *Municipal Civil*

*Service Comm.* (1978), 53 Ohio St. 2d 114 [7 O.O.3d 190], is misplaced. R.C. 124.23, as amended, states:

"* * * Tests may be written, oral, physical, demonstration of skill or an evaluation of training and experiences and shall be designed to fairly test the relative capacity of the persons examined * * *." (Effective May 23, 1978.)

This section was amended by the Ohio Legislature in May 1978. The *Campbell* decision was handed down in February 1978, and is inapplicable. Thus, the present statute does not require written, nor prohibit, oral examinations.

There is no constitutional or statutory disparity between the Ohio Revised Code and the Mentor Civil Service Regulations. Mentor Ordinance Section 33.45 is in harmony with R.C. 124.23 in permitting written and oral examinations. Additionally, the civil service regulations are clearly within the purview of local self-government granted by the home-rule provisions of the Ohio Constitution. *State, ex rel. Canada,* v. *Phillips* (1958), 168 Ohio St. 191 [5 O.O.2d 481]; *State, ex rel. Lentz,* v. *Edwards* (1914), 90 Ohio St. 305; *State, ex rel. Brownlee,* v. *City of Broadview Heights* (1967), 10 Ohio Misc. 254 [39 O.O.2d 391]. A charter city may vary its civil service regulations as long as they are otherwise constitutional. *Lentz, supra.* Appellant has failed to assert any constitutional provisions contrary to the Mentor Civil Service Regulations.

Appellant's third assignment of error is equally unpersuasive.

There are no constitutional, statutory or judicial requirements that oral examinations be on the record. Under Ohio's Administrative Procedures Act, the only record requirement pertains to adjudicatory hearings. R.C. 119.09. A civil service examination is not an adjudication under R.C. 119.01(D). Appellant's reliance on *State, ex rel. Finley,* v. *Dusty Drilling Co.* (1981), 2 Ohio App.

3d 323, is again misplaced. That decision, which required a record, pertains solely to quasi-judicial or adjudicatory decisions.

A court of appeals may consider those errors in the record which it discovers, but which have not been specifically raised by the appellants. *Garrison Carpet Mills* v. *Lenest, Inc.* (1979), 65 Ohio App. 2d 251 [19 O.O.3d 208].

The language "on the record on appeal" authorizes the court of appeals to consider errors which, although not specifically assigned by the appellant, are apparent upon the record. Further, under pre-rule practice, R.C. 2505.21 specifically provided that reviewing courts "may consider and decide errors which are not assigned or specified." Since this part of the statute was never repealed it remains in effect and allows the court of appeals to consider errors in the record which it discovers but which have not been specifically raised by assignment of error. *State* v. *Eiding* (1978), 57 Ohio App. 2d 111 [11 O.O.3d 113].

We find that the examiners failed to conduct the examination in an objective manner. The conclusion of the examiners as to plaintiff was as follows:

"* * * Rater Weinstein generally agreed with Raters Yost and Howeth on these deficiencies, but felt that the candidate was marginally qualified to function under the direction of a good Police Chief. Board member Weinstein felt that the new Police Chief could develop him into an acceptable Captain. The other two Board members could not agree, especially in view of the fact that the two Lieutenant candidates on an overall basis did better than the Captain candidate in the oral examination, and especially in view of the observed, higher calibre of candidates available to the Department at the lower ranks. * * *"

It is clear from the above that plain-

tiff was failed by two of the examiners because they felt there were higher calibre candidates at lower ranks.

The plaintiff had the right and the examiners had the duty to examine him entirely on his responses. It was most inappropriate for them to look around and to assume that there were higher calibre candidates at lower ranks and, thus, fail plaintiff so as to give these other persons a chance at a subsequent examination.

The lower court's opinion was based on the assumption that the examination was properly and honestly graded. The lower court stated:

"It is true that the Fourteenth Amendment affords an individual the right to be free from state interference in his pursuit and retention of a common livelihood. *Meyer* v. *Nebraska,* 262 U.S. 390 (1923); *Hampton* v. *Mow Sun Wond,* 426 U.S. 88 (1976). However, a vested liberty interest is not violated when it can be shown that the standards of qualification upon which promotional examinations are judged, rationally correlate to the applicant's peculiar fitness or capacity to be a police captain. *Schware* v. *Bar Examiners,* 353 U.S. 232 (1957). The Constitution only requires that the standards implemented by the commission, in this case, have a rational relationship to the job's performance."

The importance here is that the lower court recognized that the *standards* of qualification on which promotional examinations are judged must have a rational basis to the fitness or capacity to be a captain. Certainly the fact there are good candidates at a lower rank does not in any way decrease this plaintiff's ability to serve as captain. This was the point the lower court missed. Plaintiff was the only one of the three lieutenants to pass the written examination; he was on the borderline of passing the oral examination according to two examiners and he passed according to the third. At this point, the examiners went far astray. They saw there were good candidates at the lower level and they therefore failed plaintiff. Somehow, they visioned the sergeant candidates could fill the captain's vacancy sometime in the future:

"* * * While the Board was pleased with the overall calibre of the candidates, it was disappointed in the candidates for Lieutenant and Captain. While all of these candidates were well educated and extremely verbal, they struck the Board as being somewhat shallow in their convictions about good police work. The Board was unanimous that there were at least three or four Sergeant candidates who were of considerably better quality than any of the Lieutenant and Captain candidates. In addition, the Board was unanimous that the Captain candidate probably would have finished last had he been competing with the two Lieutenant candidates on the same examination. The Oral Board did pass one of the two Lieutenant candidates, although not unanimously."

The Manual for Examiners states on page 5:

"* * * You should not change a rating unless you are convinced that the preliminary rating given does not correctly reflect the candidate's relative competence. This discussion period is not intended to permit one examiner improperly to influence the rating of any of the other examiners. The only consideration is the candidate's performance before the Oral Board and the competence required to perform the duties of the position."

The fact that the examiners considered matters outside the text was prejudicial error. It reduced plaintiff from a marginal passing to a marginal failing candidate.

With respect to appellant's fourth assignment of error, the record reflects ample evidence to recapture those ques-

tions asked of appellant. The record contains much testimonial input as to the questions asked, the appellant's responses, and the examiner's comments on the quality of his responses. The lower court also had before it the testimony of witnesses present throughout the entire examination. Thus, although an actual record of appellant's examination is not available, there is sufficient evidence as to the substance of the examination questions and appellant's responses.

Appellant's contention that appellee exceeded its rulemaking authority is not before this court by virtue of the nature of the assignment of error. It is this court's view that this issue is not the proper subject of direct review; nor is it the subject of an apt exercise under App. R. 12(A). Therefore, this court declines to address this issue.

Appellant's fourth assignment of error submits that there is no viable route for review of this administrative act. R.C. Chapter 2506 provides appellant adequate procedural safeguards. However, appellant has chosen not to take this option, and has instead sought injunctive relief from the court of common pleas. Appellee has also elected not to exercise its option to assign cross-assignments of error, or to object at the lower court level. Thus, appellant's failure to initiate his appeal via R.C. Chapter 2506 will not defeat review of this administrative decision. *Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263 [71 O.O.2d 247].

Appellant is now before this court because his complaint for injunctive relief was dismissed. Appellant, as previously outlined, has failed to provide any constitutional authority requiring written examinations; neither has he provided adequate grounds to persuade us that his constitutional right to due process has been violated. A police officer's interest in being promoted does not rise to the level of a property interest which is entitled to constitutional protection. *Burns* v. *Sullivan* (C.A. 1, 1980), 619 F.2d 99.

In conclusion, the judgment is reversed. The civil service commission is ordered to reexamine the plaintiff by oral examination for police captain and to certify the results of that examination to the commission.

*Judgment reversed.*

Cook, P.J., and Ford, J., concur.